Affirmed.

## In re GAGE.

### Patent Appeal No. 3025.

Court of Customs and Patent Appeals.

Dec. 19, 1932.

Harry G. Grover, of New York City (James G. Norton and Phil L. Rodier, both of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Harry S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

In this appeal from a decision of the Board of Appeals of the United States Patent Office there is involved a single claim, numbered 21, which reads as follows: "21. Means for effecting the rectification of alternating currents including a transformer having primary and secondary windings, a rectifier in circuit with the secondary, a capacity shunted across the rectifier, a capacity in series with the first capacity and the rectifier and a filter circuit shunted across said second capacity."

This claim originated in a patent to Willard et al., No. 1,682,000, issued August 28, 1928, being claim 2 thereof. It was copied by appellant, after the patent had been issued, and inserted into his application, serial No. 629,292, filed April 2, 1928, which was still pending when the patent to Willard et al. was granted.

The rejection by the tribunals of the Patent Office was based solely upon the ground that appellant had no right to make the claims, because the disclosures of his original application failed to support it in a single particular—that of a certain feature designated in the claim "a capacity' in series with the first capacity and the rectifier."

For this element, which in the patent to Willard et al. is conceded to be a condenser, appellant relies upon a feature shown in his specifications to be a storage battery.

The experts in the Patent Office declare, in effect, that under no proper interpretation of "capacity," in the light of the functions to be performed by that feature in the patent, may a storage battery be substituted for the Willard condenser.

Funk & Wagnalls New Standard Dictionary defines electrical "capacity" as the "ability to absorb and retain * * * electricity."

The brief of the solicitor for the Patent Office asserts that the plates of Willard's condenser do "store or absorb and retain electricity until such times as it is desired to utilize it," but that a storage battery as disclosed by appellant does not; that the condenser stores the same electricity which is passed into it, while in the storage battery the changing current produces chemical changes or chemical energy which energy is later drawn upon to produce other (than the original) electricity.

The examiner said: "Claim 21 is not allowable to applicant for the reason that his storage device 3 is not the equivalent of a capacity for all purposes and for the further reason that the filter network shown in Fig. 1 must be broken-up in order that the claim may be read on that figure. The examiner is of the opinion that the storage battery 3 is an integral part of applicant's filter network and can not be arbitrarily set aside for some other function."

The board said: "Believing, as we do, that if a capacity, such as the applicant's storage battery may be said to be, is substituted for the second capacity in the circuit arrangement of Willard et al., that arrangement would not operate in the manner the patentees recite, we feel the applicant here should not be permitted a claim which must have a meaning so inconsistent with what the patentees sought to convey by it."

There is nothing in the record in this case which would seem to justify us in running counter to the holdings of the Patent Office tribunals in this highly technical electrical field. No proofs are presented in support of the contention that the functions of a condenser and of a storage battery, in the art to which the respective parties seek to apply to them, would be the same.

At the request of the court, appellant's counsel has supplied some definitions of the term "capacity" taken from technical dictionaries and, with these, has furnished a copy of a recent opinion of the United States Court of Appeals of the Third Circuit in Balistocky et al. v. Scovill Mfg. Co., 61 F. (2d) 494, decided September 22, 1932, wherein the term is discussed.

We fail to find in these anything which, in our opinion, would justify a reversal of the decision of the Board of Appeals.

Appellant invokes the application of the broad interpretation doctrine, the claim having been copied in order to try to bring about an interference, and cites Stern et al. v.

Schroeder et al., 36 F.(2d) 515, 17 C. C. P. A. 670. As to this, it should be said that the doctrine of broad interpretation may not be stretched so as to give a meaning to words other than the meaning which they have in the particular relation used and with reference to the art under consideration. "Capacity," as here involved, has a technical meaning which is measured by its function in the relation in which it is proposed to apply it.

The decision of the Board of Appeals is affirmed.

Affirmed.